[No. 1,277.]

## W. GREGORY ET AL. *v.* N. A. HARRIS ET AL.

RIGHT TO THE USE OF FLUME FOR TAILINGS.—A party mining upon a ravine which runs into another ravine is not clothed, by virtue of his right to use the ravine upon which he is mining as an outlet for his tailings, with the general right to break in, at any point he may select, upon the tailrace of another constructed upon the other ravine.

APPEAL from the District Court of the Second Judicial District, County of Butte.

In an action to enjoin the defendants from using the plaintiffs' tailrace judgment was rendered for the defendants. The plaintiffs moved for a new trial. The motion was denied, and they appealed from the judgment and from the order denying the motion for a new trial.

The other facts are stated in the opinion.

*Haymond & Stratton* and *Jos. E. N. Lewis*, for Appellants.

Campbell's Ravine was *publici juris;* but until plaintiffs' improvements were made was useless to any one. Plaintiffs

appropriated a portion of it for a special purpose, and by their labor and industry rendered it useful. We fail to see why the maxim, *Qui prior est in tempore, portior est in jure,* does not apply to the particular right they claimed. The claim is not to the exclusive use of Campbell's Ravine, but to the exclusive use of their own cut and flume. The next miner who came along could exercise the same privilege that plaintiffs did, *i. e.*, make a cut and flume down the same ravine; and the testimony shows that from the defendants' claims to Sawmill Ravine a cut and flume similar to plaintiffs could be constructed cheaper than plaintiffs' was, and without any interference whatever with plaintiffs' improvements.

*George Cadwalader*, for Respondents.

The facts show: First—That an artificial mouth for Anderson's Ravine was constructed and used before plaintiffs' rights accrued in Campbell's Ravine. Second—That it had been used eight, and perhaps ten, years before the commencement of this suit; that the defendants bought the use of this outlet for ten years, and the plaintiffs afterwards purchased the remaining interest—that is, subject to the defendants' ten years right—which had not expired at the beginning of this suit. Third — That the running into Campbell's Ravine was invited, and attended with profit, and not loss, to the plaintiffs and their grantors.

It must follow from these facts that the Court below was not wrong in refusing the plaintiffs an injunction.

By the Court, WALLACE, J.:

The mining grounds of the plaintiffs are near " Campbell's Ravine "—those of the defendants lying southerly, and near " Anderson's Ravine." The general course of Campbell's

Ravine is rather westerly, and that of Anderson's Ravine southwesterly, until the latter empties into the former, after which both run into "Sawmill Ravine," still further in a westerly or southwesterly direction. The controversy arises out of the conflicting claims of the litigants, respectively, to the use of these ravines, "Anderson's" and "Campbell's," so called, as means of carrying off the tailings from their respective mining grounds.

The plaintiffs had constructed a cut, flume, and tailrace, which, running along the general course of, and near to, Campbell's Ravine, crossed it twice—the defendants afterwards dug a cut some eight feet in depth, which, starting from a tunnel of theirs, and not running along the general course of Anderson's Ravine to, or near to, its mouth, but turning rather sharply to the southward, struck the tailrace of the plaintiffs at a point some three hundred yards above, where Anderson's Ravine naturally debouches into Campbell's Ravine; and through a flume laid in this cut the defendants pour their tailings into the race of the plaintiffs. These facts, by their mere statement, dispose of the principal defense upon which the defendants rely to justify their appropriation of the plaintiffs' flume and tailrace. The defendants say, in substance, that their mining claims are situate on Anderson's Ravine; that the "*natural outlet*" for their tailings is through that ravine into Campbell's Ravine, which they, therefore, have the right to follow over and through any flume or other structure erected by the plaintiffs, upon the line of this "natural outlet;" but the answer is, that even if this claim to follow the "natural outlet" be conceded, and the consequent right to use the race of the plaintiffs, at the mouth of Anderson's Ravine, be thereby established, it clearly does not clothe them with the general right to break in upon the tailrace of the plaintiffs at any point the defendants may select along its entire line—even

as here, at a distance of three hundred yards above the "natural outlet," which they claim.

Judgment reversed, and cause remanded.

Mr. Justice RHODES dissented.